# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES W. ROBINSON, #181-483 | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. DKC-10-2152 |
| WARDEN | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is a show cause response filed by counsel for the Maryland Attorney General's Office to James W. Robinson's allegations that a "hit" was to be placed against him by Correctional Sergeant R.L. Davis ("Sgt. Davis"). After consideration of the response, the court will deny emergency injunctive relief.

### I.  BACKGROUND

Robinson is an inmate at the Western Correctional Institution (WCI). Sgt. Davis, a WCI corrections officer and an employee of the Maryland Division of Correction for over seventeen years, denies placing a "hit" on Robinson or having any knowledge of any inmate attempting or planning to harm Robinson. Exhibit 1, Declaration of Sgt. Ronald L. Davis, ¶ 4. Robinson has not filed any allegations with prison authorities that Sgt. Davis or unspecified inmates have place a "hit" against him. Exhibit 2, ¶ 4. Sgt. Davis denies assaulting or spitting on Robinson. *See id.*

Institutional records show that Robinson's mother and sister contacted Commissioner J. Michael Stouffer by e-mail on August 3, 2010, alleging that on July 16, 2010, an unidentified officer assaulted Robinson. Exhibit 3-12. On August 4, 2010, Capt. Bradley Butler interviewed

Robinson about the alleged assault. Robinson did not allege at that interview that Sgt. Davis had placed a hit on him.

The alleged assault incident was also investigated by the Internal Investigation Unit (IIU). Lt. Joseph Mercer of the IIU interviewed Robinson on September 14, 2010. Robinson told the investigator that Sgt. Davis yelled at him and spit on him, and smelled strongly of alcohol. Exhibits 3-4, 3-5. Later, Robinson received a "kite" stating that Sgt. Robinson had placed a "hit" on him. Exhibit 3-6. Robinson would not say who sent the "kite." When asked whether he felt safe at WCI, Robinson responded affirmatively. *See id*.

Sgt. Davis was also interviewed by IIU. Sgt. Davis denied assaulting Robinson or denied drinking. Exhibit 3-7. Sgt. Davis stated that Correctional Officer Mock was at the medical area at the time of the alleged incident. When interviewed, Officer Mock stated that she did not know Robinson and did not recall the incident. Officer Mock stated that she did not witness Sgt. Davis spit on Robinson or any other inmate.

Robinson received a notice of infraction from Sgt. Robinson for refusing to obey a direct order (when directed to stand up from the bench at the medical area) on July 16, 2010. At the disciplinary hearing held on July 21, 2020, Robinson asserted that Sgt. Davis smelled of alcohol but did not say that he was assaulted by Sgt. Davis. Exhibit 3-18, 3-19.

## II. STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an

injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Robinson fails to establish that he is likely to suffer irreparable harm without emergency injunctive relief, and the motion for injunctive relief will be denied. His claims of imminent harm have been investigated; he stated that he feels safe at WCI and he has not submitted any concerns about a "hit" by Sgt. Davis or unspecified fellow inmates to prison authorities.

### III. CONCLUSION

Robinson fails to establish that he is in imminent danger and likely to suffer irreparable harm in the absence of preliminary relief, that he will succeed on the merits, or that the balance of equities tips in his favor. A preliminary injunction will be denied. Robinson will be granted twenty-eight days to inform the court whether he wants to continue consideration of his claims, amend his claims, or withdraw this case. A separate order follows.

Date: February 2, 2011         /s/
                               DEBORAH K. CHASANOW
                               United States District Judge